# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                                                      |   |                                   |
|---|---|---|
| IBRAHIM MAMOUN HASSAN,                               | ) |                                   |
|                                                      | ) |                                   |
|       Plaintiff,       | ) |                                   |
|                                                      | ) |                                   |
|       v.               | ) | Civil Action No. 10-00970 (ABJ)   |
|                                                      | ) |                                   |
| ERIC HOLDER, JR., Attorney General of the United States, *et al.*, | ) | |
|                                                      | ) |                                   |
|       Defendants.      | ) |                                   |

## MEMORANDUM OPINION

Plaintiff Ibrahim Mamoun Hassan filed this action against defendants Eric Holder, Jr., in his official capacity as Attorney General of the United States, Janet Napolitano, in her official capacity as Secretary of the U.S. Department of Homeland Security, and various officials at the U.S. Department of State ("State Department") and the U.S. Citizenship and Immigration Services ("USCIS") (collectively, "defendants").[1] Plaintiff seeks a declaratory judgment that he is a citizen of the United States and that he is therefore entitled to maintain possession of his U.S. passport. He also seeks injunctive relief prohibiting defendants from confiscating his passport and stating that he is not a U.S. citizen. Defendants have moved to dismiss for lack of subject

---

1    Plaintiff brings this lawsuit against the following defendants: Eric Holder, Jr., Attorney General of the United States; Janet Napolitano, Secretary of the U.S. Department of Homeland Security; Alejandro Mayorkas, Director of the U.S. Citizenship and Immigration Services; Tyrone K. Shelton, Director of the National Passport Center, U.S. Department of State; Edward A. Betancourt, Director of the Office of Policy Review and Interagency Liaison, Bureau of Consular Affairs, U.S. Department of State; Carol Keller, Field Office Director, San Jose Office, U.S. Citizenship and Immigration Services.

matter jurisdiction, improper venue, and failure to state a claim. For the reasons set forth below, the Court will grant defendants' motion to dismiss without prejudice.

## BACKGROUND

This lawsuit stems from plaintiff's numerous attempts to receive and maintain a U.S. passport, and the State Department's inconsistent and contradictory responses to those requests. Plaintiff was born in the United States on December 2, 1970, during his father's tenure as Sudanese Second Secretary to the Sudan Mission at the United Nations. Compl. ¶¶ 13–14. In his complaint, plaintiff cites a regulation that states: "[A] person born in the United States to a foreign diplomatic officer . . . is not subject to the jurisdiction of the United States. That person is not a United States citizen under the Fourteenth Amendment to the Constitution." *Id*. ¶ 13 (citing 8 C.F.R. § 101.3(a)(1)). Despite this authority, plaintiff claims that he is a U.S. citizen "per the U.S. Department of State's confirmation that the regulations regarding children of foreign diplomatic officers no longer identified [sic] as not being subject to the jurisdiction of the United States." *Id*. ¶ 29.

Plaintiff first applied for a U.S. passport in April 1997, but the State Department denied his application, reasoning that despite his birth in the United States, he was not an American citizen because his father was serving as a foreign diplomat at the time. *Id*. ¶ 15. Ten years later, plaintiff applied again, and this time his application was approved. *Id*. ¶ 16. In May 2009, plaintiff and his wife went to a USCIS office in San Jose, California, where she applied for lawful permanent residence status based on her marriage to a U.S. citizen. *Id*. ¶ 17. During that appointment, a USCIS officer confiscated plaintiff's passport. *Id*. Thereafter, plaintiff applied for and successfully received a replacement passport in July 2009. *Id*. ¶ 18. The National Passport Center ("the Agency") allegedly told him that the passport was being replaced because

"there were changes in U.S. passport requirements for children of foreign diplomats." *Id.* ¶ 18. Less than two months later, the Agency sent plaintiff a letter asking him to return the passport because the agency had "erred in issuing [it] in the first place." *Id.* ¶ 19. Thus, the frustration that prompted plaintiff to file this action is not without foundation.

Plaintiff solicited help from U.S. Representative Mike Honda of California, who contacted the State Department on plaintiff's behalf. *Id.* ¶ 22. Defendant Edward Betancourt, the director of the Bureau of Consular Affairs at the State Department, responded to Rep. Honda on December 16, 2009, that after another review, plaintiff was "eligible for a U.S. passport because his father . . . did not enjoy any privileges and immunities from an accreditation to the United Nations." *Id.*; *see also id.* at Ex. F. The State Department reversed its position only a few weeks later. On January 15, 2010, defendant Betancourt sent another letter to Rep. Honda stating that newly-located records indicated that plaintiff's father "enjoyed full diplomatic privileges and immunities" as a foreign diplomat such that plaintiff was never subject to the jurisdiction of the United States and did not acquire citizenship at birth. *Id.* ¶ 25; *see also id.* at Ex. I. Plaintiff now asks this Court to enter a judgment declaring him to be a citizen after all.

## ANALYSIS

### I. Standard of Review

In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir.

1979) (citations omitted)).[2]  Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002).

### a. Lack of Subject Matter Jurisdiction

Under Rule 12(b)(1), plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibly Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002).  Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with examination of our jurisdiction."). Because "subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

Moreover, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint . . . ." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987).  Rather, a court "may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18,

---

2   Defendants moved to dismiss plaintiff's complaint under Rules 12(b)(1), 12(b)(3), and 12(b)(6).  The Court will not address defendant's arguments or the applicable standard of review for improper venue under Rule 12(b)(3) because the case will be dismissed for lack of jurisdiction and failure to state a claim.

22 (D.D.C. 2000). *See, e.g.*, *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

    b. *Failure to State a Claim*

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal,* the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." 129 S. Ct. at 1949. And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id*. at 1949 (quoting *Twombly*, 550 U.S. at 555), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In ruling upon a motion to dismiss, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated

by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citations omitted).

**II.     The Complaint Does Not State a Claim That This Court Can Resolve.**

Plaintiff brings this action under the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. §§ 1254 and 1255, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*., the Mandamus Act, 28 U.S.C. § 1361, and the Declaratory Judgment Act, 28 U.S.C. § 2201. Because the Court finds that plaintiff is not entitled to relief under any of these statutes, this case will be dismissed. In making this ruling, though, the Court does not purport to make any determination or express any opinion about the merits of plaintiff's claim to U.S. citizenship; it simply concludes that instant lawsuit before it does not provide a basis upon which the Court can consider the question.

      *a.   The Immigration and Nationality Act*

Plaintiff asserts that he is entitled to relief under two provisions of the INA, sections 1254 and 1255, but he fails to show how these sections of the INA are relevant to his allegations. Section 1254, which governs the suspension of deportation, was repealed in 1996. *See* Pub. L. No. 104-208, Div. C, Title III, § 308(b)(7), 110 Stat. 3009-615. Section 1255, which addresses the adjustment of status of a nonimmigrant alien to the status of a legal permanent resident, is inapplicable to this case. Because plaintiff's claims do not concern suspension of deportation or adjustment of nonimmigrant status, these statutes cannot provide him with the relief that he seeks.[3] Accordingly, plaintiff's claims for relief under the INA fail to state a claim.[4]

---

3     There is another provision of the INA, 8 U.S.C. § 1503 ("section 1503"), which would provide plaintiff the relief that he seeks—review of the agency decision denying him citizenship status. Although plaintiff has not sued under that statute, the Court discusses Section 1503 in relation to other claims *infra*.

### b. The Administrative Procedures Act and the Mandamus Act

Plaintiff also brings claims under the Administrative Procedures Act ("the APA"), 5 U.S.C. § 701 *et seq.*, and the Mandamus Act, 28 U.S.C. § 1361. These claims are also without merit. Both the APA and the Mandamus Act preclude judicial review when other means of relief are available to a plaintiff. *See* 5 U.S.C. § 704 (providing for judicial review only where "there is no other adequate remedy in a court"); *Walpin v. Corp. for Nat'l and Cmty. Servs.*, 630 F.3d 184, 187 (D.C. Cir. 2011) (holding that one of the requirements to mandamus relief must be that "there is no other adequate remedy available to plaintiff.") Section 1503 of the INA, which plaintiff has not invoked in this case, permits a person claiming to be a national of the United States who has been denied the rights and privileges of citizenship to seek a "judgment declaring him to be a national of the United States." *See* 8 U.S.C. § 1503(a). Thus, section 1503(a) provides an adequate alternative remedy. *See Raya v. Clinton*, 703 F. Supp. 2d 569, 576 (W.D. Va. 2010) (dismissing claims under the APA and Mandamus Act because plaintiff had adequate relief under 8 U.S.C. § 1503(a)).[5] Accordingly, plaintiff's claims under the APA and the Mandamus Act will be dismissed.

### c. Claims under the Declaratory Judgment Act

Finally, plaintiff's claim under the Declaratory Judgment Act ("the DJA") must be dismissed for lack of subject matter jurisdiction. The DJA allows a federal court to "declare the

---

4    Defendants alternatively moved to dismiss the plaintiff's INA claims under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. The Court does not reach this argument because it has already determined that plaintiff has failed to state a claim.

5    In his response brief, plaintiff does not explain why section 1503(a) of the INA cannot provide him with adequate alternative relief. With respect to the APA claim, plaintiff instead asserts that "administrative exhaustion is not required" and "final agency action has occurred." Pl.'s Opp. at 9–10. But these arguments have never been raised by defendants and are not at issue in this case. Regarding the Mandamus Act, plaintiff states flatly that "[n]o adequate alternative remedy available." *Id*. at 9. Given the existence of a statute that specifically addresses claims of citizenship, the Court disagrees.

rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "[T]he Declaratory Judgment Act is a not an independent source of federal jurisdiction." *C & E Servs., Inc. of Wash. v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 201 (D.C. Cir. 2002) (quotations and citations omitted). Rather, the statute merely creates a remedy in cases otherwise within the Court's jurisdiction. *Id.*; *see also Seized Prop. Recovery, Corp. v. U.S. Customs and Border Prot.*, 502 F. Supp. 2d 50, 64 (D.D.C. 2007) (the DJA provides relief only "if a judicially remediable right already exists").

The INA confers an independent source of jurisdiction in certain circumstances. [6] A person who alleges that he was denied "a right or privilege as a national of the United States . . . may institute an action under the provisions of section 2210 of Title 28 of [the Declaratory Judgment Act]." 8 U.S.C. §1503(a). But here, plaintiff did not bring his suit under this section of the INA. Instead, the complaint invokes two different provisions, sections 1254 and 1255, which the Court has already determined are either irrelevant or repealed.

In his reply brief, plaintiff offers an alternative theory and states that he has brought this action under 8 U.S.C. 1401(a) ("section 1401"), a provision of the INA that defines the "persons who shall be nationals and citizens of the United States at birth." Compl. at 2; Pl.'s Opp. at 7, 11. Defendants argue that section 1401(a) is merely a definitional statute and therefore cannot provide the jurisdictional hook necessary for a claim under the DJA. Defs.' Reply at 3–4. In response, plaintiff argues that "[n]either Section 1503, not Section 1401 of the U.S. Code, or any published cases state that a plaintiff is required and may only bring such an action pursuant to 8

---

6   The Court need not consider whether plaintiff's claims under the APA and the Mandamus Act provide an independent basis of jurisdiction because these claims have been dismissed.

U.S.C. [§] 1503." Pl.'s Opp. at 11.[7] Plaintiff cites a number of cases that he reads as supporting a cause of action under section 1401. *See* Pl.'s Opp. at 13. But none of those cases stand for that proposition. *See, e.g., Bensky v. Powell*, 391 F.3d 894, 895 (7th Cir. 2004) (evaluating plaintiff's claim under section 1503(a) that he remained a U.S. citizen and citing section 1401 for definitional purposes); *Scales v. INS*, 232 F.3d 1159, 1164-65 (9th Cir. 2000) (discussing citizenship requirements set forth in section 1401); *Alexander v. INS*, 74 F.3d 367 (1st Cir. 1996) (reviewing order of deportation in light of definition of derivative citizenship in section 1401). While these cases cite section 1401, they only reference the statute for definitional purposes and not as the source of an independent cause of action by which a plaintiff may ask a court to determine his citizenship status.[8] Thus, the Court lacks subject matter jurisdiction, and the claim must be dismissed.

---

7     Alternatively, plaintiff argues that "if this Court should determine that 8 U.S.C. [§] 1503 is the more appropriate [s]ection of the [c]ode to bring this action, this still does not warrant dismissal of the [c]omplaint." Pl.'s Reply at 11. But plaintiff cannot amend his complaint through a brief in opposition to a motion to dismiss. *Calvetti v. Antcliff*, 346 F. Supp. 2d 92, 107 (D.D.C. 2004). Plaintiff brings this action under section 1401 in the complaint, and the Court cannot now convert his original claim into a different, viable one so that his lawsuit may proceed.

8     Even if the complaint could be construed as alleging a claim under section 1503(a) of the INA, defendants argue that the action should still be dismissed or transferred to another venue for failure to comply with statutory requirements of that provision. Section 1503(a) requires that a plaintiff sue the "head of [the] department or independent agency" responsible for the deprivation of rights "in the district court where plaintiff resides or claims residence"). *Id*. As defendants point out, plaintiff fails to name the Secretary of State as a defendant and his complaint and opposition brief contain inconsistent information about the venue where he resides. *Compare* Compl. at 1 (stating that plaintiff resides in California), Compl. ¶ 2 (stating that he "resides in [the District Court for the District of Columbia]"), and Pl.'s Opp. at 13 (stating that plaintiff "was forced to depart the United States"). Absent jurisdiction, however, the Court does not need to resolve whether plaintiff has sued the proper defendant or the inconsistencies about where he resides.

## CONCLUSION

The Court concludes that plaintiff has failed to state a claim under the Immigration and Nationality Act, the Administrative Procedure Act, and the Mandamus Act. The Court lacks subject matter jurisdiction over the claims brought pursuant to the Declaratory Judgment Act. Accordingly, the defendants' motion to dismiss is granted, and plaintiff's claims will be dismissed without prejudice. A separate order will issue.

/s/ Amy B. Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: June 27, 2011